**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 23-4154

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLYDE TURAINE BRAND,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:22-cr-00012-TDS-1)

---

Submitted:  December 19, 2024                Decided:  December 23, 2024

---

Before KING and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Brian M. Aus, BRIAN AUS, ATTORNEY AT LAW, Durham, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Margaret M. Reece, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following his indictment on federal drug and firearm charges, Clyde Turaine Brand moved to suppress evidence seized pursuant to a search warrant issued by a state court judge. He argued that the affidavit supporting the warrant application failed to establish probable cause for the search and, further, that the law enforcement officers who conducted the search could not have relied on the warrant in good faith. The district court denied the motion, and Brand was later convicted at trial. Brand now appeals, challenging only the resolution of his motion to suppress. For the reasons that follow, we affirm.

"We review the district court's legal conclusions on a motion to suppress de novo and factual findings for clear error." *United States v. Darosa*, 102 F.4th 228, 233 (4th Cir. 2024), *cert. denied*, __ S. Ct. __, No. 24-5335, 2024 WL 4427505 (U.S. Oct. 7, 2024). Under the Fourth Amendment, a search warrant is valid only if it is supported by probable cause. *Id.* Where probable cause is lacking, the usual remedy is suppression of the evidence obtained from the search. *United States v. Oscar-Torres*, 507 F.3d 224, 227 (4th Cir. 2007). However, "[u]nder *Leon*'s 'good faith' exception to the suppression remedy for a Fourth Amendment violation, evidence will not be suppressed if it is obtained by police officers in objectively reasonable reliance on a search warrant, even if that warrant later is determined to be invalid." *United States v. Blakeney*, 949 F.3d 851, 861 (4th Cir. 2020) (citing *United States v. Leon*, 468 U.S. 897, 922-23 (1984)). But the good faith exception will not apply "when the judicial officer [who issued the warrant] wholly abandoned his role as a neutral and detached decision maker and served merely as a 'rubber stamp' for the police," or "when the affidavit supporting the warrant was so lacking in

2

indicia of probable cause as to render official belief in its existence entirely unreasonable."

*United States v. Wellman*, 663 F.3d 224, 228-29 (4th Cir. 2011).

After finding that the search warrant was supported by probable cause, the district court held, in the alternative, that any deficiency in the warrant did not require suppression in light of the good faith exception. Brand disputes the latter point, asserting that the search warrant was supported by only a barebones affidavit that was rubber-stamped by the state court judge and on which no reasonable officer could rely. We disagree. At a minimum, the affidavit alleged that one or two confidential sources purchased heroin and cocaine from Brand at a residence, then surrendered the substances to law enforcement. Moreover, we discern nothing in the record to suggest that the state court judge merely rubber-stamped the warrant application.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3